# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **PENNY WEBER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **KAREN STUKEL, individually, and** | ) |
| **COUNTY OF WILL, a body politic,** | ) |
| | )  **JURY DEMANDED** |
| **Defendants.** | ) |

## COMPLAINT

**NOW COMES** Plaintiff, PENNY WEBER, by and through her attorneys, Jonathan C. Goldman and Arthur R. Ehrlich of Goldman & Ehrlich, and as her Complaint against Defendants, KAREN STUKEL (individually) and COUNTY OF WILL, states as follows:

## JURISDICTION, VENUE, AND JURY DEMAND

1. This is an action for violations of the First and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 with regard to the Plaintiff's discharge from employment. This case also alleges a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Illinois Wage Payment and Collection Act, 820 ILCS §115, *et seq.*, for Defendants' failure to pay Plaintiff overtime pay.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331; 28 U.S.C. § 1367; 29 U.S.C. § 201 *et seq.* and 42 U.S.C. § 1983.

3. Venue lies in the Northern District of Illinois because the actions alleged herein occurred within this district.

4. Plaintiff requests a trial by jury.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

## THE PARTIES

5. Plaintiff, PENNY WEBER, began employment in or about August of 2005 with the Will County Recorder of Deeds as an administrative clerk. In or about December of 2008, Plaintiff was promoted to the position of Recording Supervisor at the Will County Recorder of Deeds.

6. The Defendant COUNTY OF WILL is a municipality organized pursuant to the laws of the State of Illinois.

7. At the time of the acts alleged herein, the Defendant KAREN STUKEL was the Will County Recorder and was employed by the COUNTY OF WILL

## COUNT I
## SECTION 1983 VIOLATION

(Against Defendant KAREN STUKEL, in her individual capacity)

8. In or about December of 2008, Defendant, KAREN STUKEL, a Democrat, was appointed to the position of Will County Recorder of Deeds.

9. Upon information and belief, Defendant STUKEL was a close friend of Pat McGuire, the incumbent Democratic Will County Treasurer in 2009.

10. In or about July of 2009, Plaintiff's brother-in-law, Steve Weber, announced his candidacy, as a Republican, for Will County Treasurer against Pat McGuire.

11. Defendant STUKEL was aware of Plaintiff's political affiliation and support for Steve Weber.

12. On July 8, 2009, Plaintiff was called into Defendant STUKEL's office and given an envelope containing a termination letter. In response to the Plaintiff's question of why she was being discharged, Defendant STUKEL stated only, "I don't think I can count on you."

13. Defendant STUKEL's actions were at all time exercised under color of law.

14. Plaintiff's position as Recording Supervisor did not require a political affiliation or belief.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

15. During her employment, Plaintiff performed her job duties with skill, competence, and professionalism, and received only positive performance evaluations.

16. Defendant STUKEL discharged Plaintiff on July 8, 2009 because of Plaintiff's political affiliation and association with her brother-in-law, Steve Weber, in violation of the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

17. Defendant STUKEL's deprivation of Plaintiff's First Amendment rights caused Plaintiff substantial losses of salary and benefits, as well as mental and emotional pain and suffering.

18. Plaintiff's constitutional rights to freedom of political belief and association have been denied under the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

19. Plaintiff is also entitled to an award of attorneys fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff PENNY WEBER respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant KAREN STUKEL and award the following relief:

(a) Compensatory damages, including but not limited to backpay, frontpay, and benefits, in an amount that will reasonably compensate Plaintiff for her losses;

(b) Punitive damages in an amount sufficient to punish Defendant STUKEL for her willful and wrongful conduct and to deter Defendant from engaging in such unlawful conduct in the future;

(c) Such other relief as this court deems just and proper.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

1–7. Plaintiff realleges paragraphs 1 through 7 as paragraphs 1 through 7 of this Count II.

8. Plaintiff was paid on an hourly basis throughout her employment with the Defendants and was an "employee" as defined under both federal and state statutes upon which this action relies. As an employee of Defendants, Plaintiff was engaged in commerce as set forth in the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

9. The COUNTY OF WILL and KAREN STUKEL (hereinafter "Defendants") were persons acting directly or indirectly in the interest of the employer, a public entity, in relation to the employee, Plaintiff. Defendants were an "employer" as defined by both the Fair Labor Standards Act and the Wage Payment & Collection Act.

10. As public employers, Defendants meet the definition of an "enterprise engaged in commerce" as set forth in the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

11. At all relevant times, the Will County Recorder of Deeds office hours were 8:30 a.m. to 4:30 p.m. From on or about December 1, 2008 to the end of her employment on July 8, 2009, Plaintiff was directed by STUKEL to arrive at work at the Will County Recorder of Deeds at 8:00 a.m. to open the office doors each day and was not permitted to leave until 5:00 p.m. In this way, Plaintiff worked approximately 45 hours per week. The Plaintiff was only paid, however, for 40 hours per week. Plaintiff was not paid overtime pay for approximately five (5) hours of work per week.

12. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, Plaintiff is entitled to compensation at a rate of not less than one and one half times her regular rate of pay for all hours worked in excess of 40 hours during any work week.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

13. Defendants knew or should have known of the requirements of the Fair Labor Standards Act, and therefore continued a pattern of voluntary, deliberate, intentional, and willful violation of the Fair Labor Standards Act by failing to pay Plaintiff for all hours worked in excess of 40 hours per work week.

14. Defendants' conduct constitutes acts not taken in good faith or upon reasonable grounds, therefore, based upon 29 U.S.C. § 260, Plaintiff is entitled to liquidated damages equal to the amount of unpaid unemployment compensation.

**WHEREFORE**, Plaintiff PENNY WEBER respectfully requests that this Court enter judgment in her favor and against Defendants and award the following relief:

(a) Backpay equal to the amount of unpaid overtime compensation;

(b) Liquidated damages equal to the amount of unpaid overtime compensation;

(c) Prejudgment interest with respect to the total amount of unpaid overtime compensation;

(d) Reasonable attorney's fees, costs, and litigation expenses involved in the filing and prosecution of this action; and

(e) Any other relief that this Court deems just and proper.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1–14. Plaintiff realleges paragraphs 1 through 14 of Count I as paragraphs 1 through 14 of this Count III.

15. Defendants failed to pay Plaintiff all wages earned during a bi-monthly pay period within thirteen days of the end of the pay period in which such wages were earned.

16. Defendants' failure to pay Plaintiff all wages earned for the hours worked in excess of 40 hours per week constitutes a violation of the Illinois Wage Payment and Collection Act.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

**WHEREFORE**, Plaintiff PENNY WEBER respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and award the following relief:

(a) All unpaid wages and overtime pay, said overtime pay to be calculated at one and one half times the rate of the employee's regular pay;

(b) Reasonable attorney's fees, costs, and litigation expenses involved in the filing and prosecution of this action; and

(c) Any other relief that this Court deems just and proper.

Dated: June 15, 2010           /s/ Jonathan C. Goldman
                                       Jonathan C. Goldman of GOLDMAN & EHRLICH, as attorney for Plaintiff PENNY WEBER

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828